Ingalls, J.
Section 16' of the charter applies to the improvement in question. The assessment is to be made upon the property benefited. In what ratio ? Obviously in proportion to the benefit derived therefrom. This inference receives confirmation by reference to section 9 of the same title, where the following language is employed : “uponthe lands or premises benefited or intended to be benefited by the improvement within the district of assessment, in proportion to the benefit derived by such lands and premises respectively thereby.” The local assessors derive all their powers from the charter, and take no authority by implication. They are to apportion and charge the expense upon the property benefited. And their judgment is only to be exercised in determining the extent to which the property is benefited; beyond that, their work is merely mathematical.
It seems that in forming their judgment they are to regard the property in the condition in which they find it. From the report of the assessors I am unable to avoid the conclusion that they exceeded their authority and adopted an erroneous basis of apportionment and assessment, by taking into account the assumed or ascertained fact that the railroad company in constructing its railroad excavated into the public alley, and that, in consequence of such excavation, wall and filling are required which otherwise would not be necessary, or would not be so to the same extent. It is quite possible that the expense of the entire improvement may be increased by such act of the relator. Yet I fail to perceive whence the assessors acquire the authority to investigate and determine the question as to the propriety and effect of such excavation, and to allow that element to enter into their determination, *89 thereby increasing the assessment upon the premises of the relator. The railroad company may have performed an unlawful act rendering it liable to some party in a proper action, but these assessors had, in my judgment, no authority to investigate and determine that question in this proceeding. The return shows that this matter was considered by the assessors in fixing the amount of the assessment upon the premises of the relator. How far that consideration affected their judgment we are unable accurately to determine; but regarding the a&nount of such assessment, compared with that of others, for the same improvement, I think the inference is justifiable that this element must have greatly influenced their minds in determining this question.
The provision of the charter to which we have referred did not authorize the assessors to charge the premises of the relator in proportion to the expense to be incurred in making such improvement within or along the limits of the relator’s premises, but “in proportion to the benefit derived by such lands or premises.” It not unfrequently occurs that in prosecuting an entire work of this nature some locality presents, within a very limited space, compared with the extent of the improvement, obstacles which require a very large expenditure to remove or overcome, and quite out of proportion to the expense of the entire work. Yet such expense is not to be charged upon the particular section, but is to be extended over the entire district of assessment. Whether such extraordinary expense is the result of a natural or artificial obstruction, or whether its existence is attributable to the wrongful act of the owner of the- premises, the assessors are not authorized to adjust in such proceedings. The relator insists that it only possesses the right to use the premises in question for a particular purpose, and when that use ceases the land reverts, and that the charge is obviously greatly .disproportionate to any benefit to be *90 derived from the improvement, and that it is to be inferred that the assessors assumed in making the apportionment that the relator owned the said land in fee.*
It is possible that the assessors may have misapprehended this question of title in making the assessment. I, however, abstain from considering that question, having arrived at the conclusion that the apportionment is erroneous, for the reason above discussed.
The apportionment must be vacated.

 Compare People ex rel. Howlett v. Mayor, &c., of Syracuse, 63 N. Y. 291, rev’g 2 Hun, 433; S. C.; 5 Sup'm. Ct. (T. & C.) 61.